## J. T. SIMPSON v. FRANK BAXTER.

1. MEASURE OF DAMAGES—*Immaterial Instructions.* On the trial of an action to recover damages for a breach of a special warranty on the sale of millet seed, the evidence was conflicting, as to whether there was a warranty, and as to whether the seed was good or not, and the jury returned a general verdict for the defendant: *Held,* That all instructions as to the measure of damages are immaterial.

2. INSTRUCTIONS—*Burden of Proof—Preponderance of Evidence.* In such a case, it is the duty of the court to instruct the jury as to the burden of proof, the preponderance of evidence, and the inevitable result to the plaintiff if the evidence is equally balanced; and the statement of these rules is not such a repetition, or effort to make them prominent, as to prejudice the minds of the jurors against the plaintiff.

*Error from Jackson District Court.*

THE opinion states the case.

*Samuel Crawford,* for plaintiff in error.

*W. S. Hoaglin,* and *Hayden & Hayden,* for defendant in error.

Opinion by SIMPSON, C.: This case was commenced before a justice of the peace, then appealed to the district court, tried there before a jury at the November term, 1886, a verdict returned, and a judgment rendered in favor of the defendant below, the defendant in error here. The plaintiff in error brought the action to recover damages on a breach of warranty on the sale of millet seed. He claimed that the defendant in error sold him one hundred and sixty-five bushels of millet seed at forty cents per bushel, and warranted the seed to be sound, that it would grow when planted, and that the same had been fully tested and found to be good; that he was a retail dealer in seeds, and bought this millet seed to supply his customers; that he sold it to many persons; that they planted the seed under favorable conditions, and that it failed to produce; that the usual and customary profit was ten cents per bushel; that his reputation and standing as a business man

and dealer in seeds had been damaged, and his business impaired, by the sale of this unproductive seed.

At the trial there was a very decided conflict of evidence, as to whether there was a warranty, and as to whether the seed was good or bad. There were very positive declarations by several witnesses on both sides, and consequently we cannot disturb the verdict of the jury and the judgment of the court below, on the ground that the case was not decided in accordance with the weight of evidence. We are urged to reverse the judgment of the court below because of some objectionable phrases in the instructions, and because it is claimed that they do not embody the law governing such cases. Another cause of reversal is alleged in the exclusion of certain evidence.

We are aware that the real quarrel here is because of the verdict of the jury, and hence every criticism that can be made is to be found in the record. The remark of the court to the jury that the plaintiff in error "seeks to recover damages on one of two propositions" of which the counsel complain, is not a prejudicial one, but it seems to us to be beneficial to the plaintiff in error. Under the pleadings there is but one claim of damages, and that is for a breach of the warranty; but the instruction would prevent the jury to find another one, if they could. The court stated the law correctly as to the burden of proof, the preponderance of the evidence, and the inevitable result that must follow if the evidence is equally balanced. We do not see that undue weight was given these rules, or that there was such prejudicial vigor of repetition as to obscure other issues and make them too prominent. It was a case in which there was an actual necessity that a jury should distinctly understand and implicitly observe these rules. There was such a conflict of evidence, both on the question of warranty, as well as quality of the millet seed, that a verdict either way was a reflection on the witnesses of the losing side, and in cases of this character it was the duty of the court to make the jury understand that if the plaintiff was entitled to recover, he must have the weight or preponderance of evidence in his favor. On the evidence introduced, the jury might have found

that the millet seed was good, and as there were no special interrogatories asked, or special findings returned, we cannot determine whether the general verdict in favor of the defendant in error was based upon their belief that the millet seed was good, or that there was no special warranty of the seed. In either event there is evidence to sustain the verdict, and in view of this fact, all the errors alleged are immaterial.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.